UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN LUNA, | No. 2:13-cv-0732 GEB AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| BANK OF AMERICA, N.A. et al, | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff Benjamin Luna is proceeding in this action pro per. Pending before the court is a motion to dismiss filed by defendants Bank of America, N.A., ReconTrust Company, N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal National Mortgage Association. Plaintiff has filed an opposition and a "counter-motion." The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230. On review of the motion, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.     Facts Underlying Litigation

On May 5, 2006, a Deed of Trust ("DOT") was recorded in the Yolo County Recorder's Office reflecting that plaintiff entered into a mortgage loan agreement with Central Pacific Mortgage Company, identified as the "Lender," for the amount of $365,000 secured by real

1

property located at 319 I Street, Davis, CA 95816 ("the Subject Property").  Compl. Ex. 1.  MERS is identified as the beneficiary.  Id.  On August 7, 2006, the DOT was re-recorded to reflect a corrected document.  See id.

On July 7, 2010, a Notice of Default was filed in the Yolo County Recorder's Office.  Compl. Ex. 2.  On October 12, 2010, a Notice of Trustee's Sale was filed.  Id. Ex. 12.

On February 9, 2011, the Subject Property was sold at a Trustee's Sale, but this sale was later rescinded.  See Compl. Exs. 4, 15-16.

On August 11, 2011, a second Notice of Trustee's Sale was recorded.  Compl. Ex. 17.  The Subject Property was sold on April 20, 2012.  Id. Ex. 22.

B.   The State Action

On April 25, 2012, plaintiff initiated a lawsuit in the Yolo County Superior Court, Luna v. Bank of America, N.A., et al., Case No. CV12-824 ("the State Action").  Defs.' Req. for Judicial Notice ("RJN") Ex. 1.[1]  The complaint related to the Subject Property's April 2012 foreclosure sale and asserted five causes of action against defendants for (1) cancellation of instruments, (2) quiet title, (3) fraud per se, (4) breach of fiduciary duty, and (5) preliminary injunction.  Defendants filed a demurrer to the complaint.

On July 16, 2012, rather than filing an opposition to the demurrer, plaintiff filed a first amended complaint asserting ten causes of action, including four separate claims (1-4) for cancellation of recorded documents, (5) breach of the deed of trust, (6) failure to record new notice of default, (7) quiet title, (8) fraud per se, (9) breach of fiduciary duty, and (10) preliminary injunction.  RJN Ex. 2.  Defendant filed a demurrer to the first amended complaint.

On November 7, 2012, and again after failing to file an opposition, plaintiff filed a second amended complaint.  RJN Ex. 4.  This pleading asserted sixteen causes of action, including nine of the first amended complaint's causes of action and seven additional causes of action.  See id.  Defendants filed a demurrer to the second amended complaint.  RJN Ex. 1.

---

[1] The court takes notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).

On April 8, 2013, the superior court sustained defendants' demurrer in its entirety and dismissed the action with prejudice. RJN Ex. 5.

C.  The Federal Action

On April 15, 2013, plaintiff filed the instant action asserting the following claims: (1) void notice of default and void sale, (2) failure to mail plaintiff notices, (3) bank documents, including notice of default, were executed by "robo-signers," (4) quiet title, (5) unlawful, unfair or fraudulent business practices, (6) negligent misrepresentation, (7) demand for rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a), and (8) preliminary injunction.

On May 23, 2013, defendants filed the instant motion to dismiss. On June 18, 2013, plaintiff filed an opposition and a "counter-motion." ECF No. 20.

LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

3

1986).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

A.   Federal Claim

Because jurisdiction over this action is dependent upon an actionable federal claim, the court will first consider defendants' argument that plaintiff's sole federal claim for rescission under TILA is time-barred and subject to dismissal for failure to allege tender.

Plaintiff moves for rescission under TILA on the grounds that the defendant failed to adequately disclose the annual percentage rate for the mortgage loan and that the language of the mortgage note is confusing.

    1.   Timeliness

A borrower's right to rescind a loan transaction under TILA "expire[s] three years after the date of the consummation of the transaction[.]"  15 U.S.C. § 1635(f).  "Unlike TILA's one year period for civil damages claims, the three year period for TILA rescission claims is an 'absolute' statute of repose that cannot be tolled."  Falcocchia v. Saxon Mortg., Inc., 709 F. Supp. 2d 860, 867 (E.D. Cal. 2010); see also McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012) ("Because § 1635(f) is a statute of repose, it extinguished [the plaintiff's] right to rescission . . . three years after the consummation of the loan.").  The documents submitted by plaintiff demonstrate that the loan at issue was consummated on or around May 5, 2006.  Since plaintiff did not commence the State Action until April 25, 2012 and did not initiate the instant action until April 15, 2013, plaintiff's right to rescission under TILA is extinguished and his TILA rescission claim should be dismissed with prejudice.

In his opposition, plaintiff seeks tolling of the statute of limitations on the ground that the actual lender of the mortgage loan was never disclosed to him.  Plaintiff relies on Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989), to argue that Central Pacific Mortgage Company, the lender identified in the DOT, could not have been the ultimate lender of his loan since this entity was a mortgage company, therefore rendering the ultimate source of funding unknown.  For this

4

reason, plaintiff argues that the underlying mortgage loan cannot be deemed consummated on or around May 5, 2006 since, without knowing with whom he was contracting, there would have been no "meeting of the minds" under California law.

In Jackson, the Ninth Circuit held that a contract conditioned on lender identification was invalid where no lender was identified; it did not hold that all loans remain unconsummated as long as the ultimate source of the lender's funding remains unknown. 890 F.2d at 121. Here, a lender was plainly identified, see Compl. Ex. 1, and the loan was consummated regardless of how or by whom the lender was ultimately funded. See, e.g., Buie v. Palm Springs Motors, Inc., 2001 WL 34570064, at *3 (C.D. Cal. May 14, 2001) (distinguishing Jackson on these grounds). See also Mbaku v. Bank of America, N.A., 2013 WL 425981, at *4 (D. Colo. Feb. 1, 2013); Pennington v. Equifirst Corp., 2011 WL 1541283, at *2 (D. Kan. Apr. 21, 2011). Accordingly, plaintiff's TILA claim is time-barred.[2]

    2.    Alleging Tender

Defendants also seeks dismissal of plaintiff's TILA claim due to plaintiff failure to allege ability to tender. The Ninth Circuit has held that rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1170 (9th Cir. 2003) (emphasis in original). District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds. See, e.g., Garza v. Am. Home Mortgage, 2009 WL 188604, at *5 (E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009 WL 2901637, at *8 (S.D. Cal. 2009); Ing Bank v. Korn, 2009 WL 1455488 at *1 (W.D. Wash. 2009). In this case, plaintiff has unequivocally stated an ability to tender. See Compl. 22-23. Accordingly, dismissal is not warranted on this ground.

B.    State Law Claims

---

[2] Plaintiff's "counter-motion" is a request pursuant to Federal Rule of Civil Procedure 60 for relief from the judgment in the State Action. This counter-motion will be denied as moot in light of the undersigned's finding that plaintiff fails to state an actionable federal claim, which deprives this court of subject matter jurisdiction.

Plaintiff's federal claim provides the sole basis for federal subject matter jurisdiction here. While federal courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," id. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

In light of the recommendation that plaintiff's federal claim be dismissed with prejudice, the undersigned also recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the court need not address defendants' arguments regarding res judicata or the viability of plaintiff's state law claims.

Accordingly, IT IS HEREBY ORDERED that the July 17, 2013 hearing on defendants' motion to dismiss is vacated from calendar; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted in part;
2. Plaintiff's "counter-motion" be denied as moot;
3. Plaintiff's TILA rescission claim be dismissed with prejudice;
4. Plaintiff's remaining state law claims be dismissed without prejudice to renewal in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

6

1  District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2  DATED: July 9, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;luna0732.mtd